**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROGER L. HARRIS,

                              Plaintiff,

          - v -                                    Civ. No. 1:11-CV-949
                                                            (MAD/RFT)

CHRISTINE CLARK; VINCENT VERSACI;
GUIDO LOYOLA; and CARL G. FALOTICO,

                              Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a civil rights Complaint, pursuant to 42 U.S.C. § 1983, from *pro se* Plaintiff Roger Harris. Dkt. No. 1, Compl. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis*. Dkt. No. 2.

### II. DISCUSSION

#### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

#### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly

maintain his complaint before permitting him to proceed with his action.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

In his fifty-eight-page Complaint, Plaintiff recounts how it came to be that on or about September 28, 2007, he was arrested in Schenectady County after being accused of assaulting an individual.[1]  After a jury trial was held in March 2010, Plaintiff was found guilty of assault. Plaintiff's civil Complaint centers around the numerous constitutional violations he believes occurred in the events leading up and subsequent to that arrest.  Plaintiff further claims that all Defendants, and several non-parties, conspired and discriminated against him because of his race. More specifically, Plaintiff claims that at various times during the criminal prosecution of the state assault charge, Plaintiff's due process rights were violated by the Defendants who presided over different stages of the prosecution, namely Judge Christine Clark, Judge Vincent Versaci, Judge Guido Loyala, and by the Assistant District Attorney who opposed his motion to stay the sentence,

---

[1] Plaintiff filed two other civil actions relating to this arrest.  First, on December 9, 2008, Plaintiff filed a civil rights actions against, *inter alia*, various employees of the Schenectady County Sheriff's Department, with whom he had been employed as a correctional officer until he was terminated as a result of his September 2008 arrest.  *See Harris v. Buffardi, et al.*, 1:08-CV-1322 (GLS/DRH).  Then, on May 26, 2010, Plaintiff filed a second civil rights action against, *inter alia*, various Schenectady County police officers and assistant district attorneys, complaining of certain conduct leading up to and subsequent to his September 2008 arrest that he believed violated his constitutional rights.  *See Harris v. District Atty. of County of Schenectady, et al.*, 1:10-CV-618 (GLS/DRH).  In both cases, judgments were entered on behalf of the Defendants after dispositive motions were filed.  Currently pending in both cases are Plaintiff's Motions for Reconsideration.

namely Carl G. Falotico. Amongst his multitude of claims of errors included in his Complaint regarding the Judges' various rulings on his requests are the following: 1) failure to invalidate and dismiss the warrantless arrest; 2) failure to suppress evidence that he classified as false, fabricated, and misleading; 3) failure to have exculpatory evidence turned over to him; and 4) failure to stay and/or set aside his sentence. Plaintiff further claims that he was denied the effective assistance of counsel and was deprived of a fair trial. According to the Complaint, as of the date this action was filed, Plaintiff still had motions pending in the state court regarding his challenges to his conviction and/or sentence. In addition to monetary relief, Plaintiff seeks declaratory relief, which includes the request that many of the Defendants' judicial decisions entered in the state criminal case be declared unconstitutional.

Plaintiff's entire action suffers from a fatal flaw. His wholesale attack on the manner in which his conviction and sentence were procured amount to a challenge of the lawfulness of his conviction and sentence and therefore is not cognizable under § 1983, or any other civil rights statute, such as 42 U.S.C. § 1985 regarding civil actions for conspiracy. The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction *or sentence* invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction *or sentence* that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humprhey*, 512 U.S. 477, 486-87 (1994) (emphasis added).

It is clear from his Complaint that no decision has been rendered invalidating the very conviction he now seeks to attack. In fact, as of the date his Complaint was filed, his state court challenges to

that conviction and sentence were ongoing. Thus, Plaintiff's civil action, whether under § 1983 or § 1985, is not cognizable absent proof that his sentence was reversed, expunged, declared invalid, or called into question. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (holding that *Heck* also applies to claims challenging a plaintiff's conviction under §§ 1981, 1983, 1985, and 1986); *Fernandez v. Holzbach*, 2007 WL 1467182, at *1 (D. Conn. May 15, 2007) (dismissing claims against judge, prosecutor, detectives, witnesses, and other state officials for perjury and fabrication of evidence as precluded by plaintiff's valid conviction); *Duamutef v. Morris*, 956 F. Supp. 1112, 1116-18 (S.D.N.Y. 1997) (dismissing claims for false arrest, malicious prosecution, perjury, First Amendment retaliation, and § 1985 conspiracy—all of which formed the basis for plaintiff's overall claim that defendants conspired against him to frame him for a crime—as precluded by plaintiff's valid conviction). Thus, Plaintiff's § 1983 action should be dismissed as the improper vehicle to accomplish the relief being sought.

### III. CONCLUSION

Based on the above discussion, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 1) is **granted**; and it is further

**RECOMMENDED**, that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED**.

Date:   October 4, 2011
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge